IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOFUL ELYARDO, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-01089 |
| v. | : | |
| | : | (Judge Kane) |
| PATRICK LECHLEITNER,[1] | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which pro se Petitioner Loful Elyardo ("Elyardo") asserts that his continued detention without a bond hearing by United States Immigration and Customs Enforcement ("ICE") pending his removal from the United States violates his right to due process. For the following reasons, the Court will grant the petition and order the Government to provide Elyardo an individualized bond hearing.

**I.     BACKGROUND**

Elyardo entered the United States at John F. Kennedy Airport in New York, New York on July 14, 1999, and subsequently became a lawful permanent resident on December 17, 2001. (Id. at 6.) On January 6, 2015, he was arrested in Henrico County, Virginia for the sale of marijuana. (Id. at 5–6, 26–27.) The Henrico County District Court issued a warrant for his

---

[1] Because Petitioner has been transferred from this district to a facility located in the Western District of Pennsylvania, see (Doc. No. 11), the Court has substituted Patrick Lechleitner, the Deputy Director and Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement, see ICE Leadership, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, https://www.ice.gov/leadership (updated July 3, 2023), as the Respondent in this action. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (noting that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); accord Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 445 (3d Cir. 2021). Any references to "Respondent" in this opinion shall be construed as references to Mr. Lechleitner.

arrest on April 21, 2015, based on his failure to appear in court on the marijuana charge. (Id. at 11–12.) He was arrested on April 24, 2015. (Id.) On May 19, 2015, he pleaded guilty to possession with intent to deliver marijuana and contempt of court and was sentenced to twelve months of incarceration for the marijuana charge and thirty days of incarceration for the contempt charge. (Id. at 5, 26–28.)

On January 7, 2016, Elyardo was arrested in Henrico County and charged with armed robbery and using a firearm during the commission of a felony. (Id. at 5, 22–23, 29–30.) He pleaded guilty to the charges on July 5, 2016. (Id. at 22–23.) He was sentenced to a ten-year term of imprisonment, with six years suspended and three years of mandatory imprisonment. (Id. at 29–30.)

On November 1, 2019, Elyardo was arrested in Grayson County, Virginia and charged with assault by mob. (Id. at 5–8.) He pleaded guilty to a lesser charge of assault and battery and was sentenced to a one-year term of imprisonment on January 24, 2020. (Id. at 10.)

On June 22, 2022, ICE served Elyardo with a notice to appear that charged him as removable from the United States because he had been convicted of two crimes involving moral turpitude, because he had been convicted of two aggravated felonies, and because he had been convicted of violation of a controlled substances statute. (Doc. No. 9-2 at 5.) Elyardo was taken into ICE custody on June 23, 2022. (Doc. No. 9-7 at 1.)

Elyardo applied for asylum and withholding of removal on August 9, 2022. (Doc. No. 9-3 at 2.) In doing so, he admitted the charges in the notice to appear and conceded that he was removable from the United States. (Id.) An immigration judge denied his request for asylum and withholding of removal on November 14, 2022, and ordered him to be removed to South Sudan. (Id. at 2, 14.) Elyardo appealed to the Board of Immigration Appeals ("BIA"), which

remanded the case for further consideration by an immigration judge on June 26, 2023. (Doc. No. 9-5 at 3–5.) Elyardo's immigration proceedings remain pending. The Court takes judicial notice that Elyardo's immigration case is currently scheduled for a hearing before an immigration judge on February 1, 2024. See Automated Case Information, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 28, 2023).

Elyardo filed the instant petition challenging his continued detention by ICE on June 16, 2023, and the Court received and docketed the petition on June 29, 2023. (Doc. No. 1 at 9.) Briefing on the petition is complete and it is ripe for judicial review. (Doc. Nos. 8, 10, 12.) Elyardo has additionally moved to expedite resolution of the petition. (Doc. No. 2.)

At the time he filed this case, Elyardo was detained in Pike County Correctional Facility, located in this district. On August 11, 2023, Elyardo moved to transfer the case to the United States District Court for the Western District of Pennsylvania because he had been transferred to Moshannon Valley Correctional Center after the filing of this case. (Doc. No. 11.) The Court denied the motion on October 23, 2023, noting that when a Section 2241 habeas corpus petition is filed in the petitioner's district of confinement and the petitioner is subsequently transferred to another district, the original court retains jurisdiction over the petition. (Doc. No. 14.) The Court additionally directed Respondent to provide information as to whether Elyardo remained in ICE custody because an independent search of ICE's online detainee locator system indicated that he was no longer in ICE custody. (Doc. No. 15.) Respondent responded to the Court's Order on November 22, 2023, and stated that Elyardo remains in ICE custody and that any results to the contrary on ICE's detainee locator system were likely due to ICE's records listing Elyardo under his country of birth, Egypt, rather than his country of citizenship, South Sudan.

(Doc. No. 16.) Accordingly, because Elyardo remains in ICE custody and the petition is fully briefed, the petition is now ripe for the Court's review.

**II.   DISCUSSION**

Elyardo is detained pursuant to 8 U.S.C. § 1226(c). (Doc. No. 8 at 6; Doc. No. 10 at 1.) Section 1226(c) does not by its terms limit the length of time that the government may detain aliens awaiting removal. See Jennings v. Rodriguez, 138 S. Ct. 830, 846 (2018). But petitioners may nonetheless bring as-applied constitutional challenges under the Due Process Clause of the Fifth Amendment if their continued detention under Section 1226(c) has become unreasonably prolonged. See German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020).

When considering the constitutionality of a petitioner's detention, "[t]he most important factor is the duration of detention." See id. at 211. The Court, however, must also consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." See id. (quoting Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 478 (3d Cir. 2015)).

Having reviewed Elyardo's petition in light of the above standard, the Court will grant his request for a writ of habeas corpus. The most important factor in the analysis is the duration of Elyardo's detention. Elyardo has been detained for approximately nineteen (19) months. Several courts in this district have recently required ICE to conduct bond hearings for petitioners detained for a similar length of time. See, e.g., Williams v. Hoover, No. 3:19-cv-01619, 2020 WL 905600, at *1–3 (M.D. Pa. Feb. 25, 2020) (requiring bond hearing for petitioner detained for

approximately twenty months); Rodriguez-Castillo v. Lowe, No. 1:19-cv-01000, 2020 WL 820154, at *2–3 (M.D. Pa. Feb. 19, 2020) (requiring bond hearing for petitioner detained for nineteen months); Chikerema v. Lowe, No. 1:18-cv-01031, 2019 WL 3891086, at *2–4 (M.D. Pa. Aug. 19, 2019) (requiring bond hearing for petitioner detained for approximately seventeen months).

The likelihood of continued detention also weighs in favor of habeas corpus relief. Elyardo's underlying immigration case has been remanded by the BIA for further proceedings by an immigration judge and is scheduled for a hearing before an immigration judge on February 1, 2024. Given that the case is not scheduled for a hearing for approximately two months and that Elyardo could appeal the immigration judge's decision to the BIA and any subsequent unfavorable decision by the BIA to a United States Court of Appeals, it appears that Elyardo's detention could continue for many more months.

The reasons for the delay are neutral. It appears from the record that the delays in the underlying removal proceeding are largely due to Elyardo appealing the immigration judge's ruling, but a petitioner should not be punished for pursuing good faith challenges to the government's removal case against him. See German Santos, 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 476–77).

Finally, the conditions of Elyardo's detention are also neutral. Although Elyardo asserts that the conditions of his confinement are not meaningfully different from criminal detention, that assertion is based on the conditions in Pike County Correctional Facility. Elyardo has subsequently been transferred to Moshannon Valley Correctional Center, but he has not sought to supplement his petition with any facts regarding the conditions of his detention in that facility.

Given the lengthy duration of Elyardo's detention to this point and the likelihood that the detention will continue for many more months, the Court concludes that his continued detention without a bond hearing violates his right to due process. The Court will accordingly grant the petition for writ of habeas corpus and direct Respondent to provide Elyardo with an individualized bond hearing within twenty-one (21) days, at which the Government shall bear the burden of proof. See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (noting that the government bears the burden of proof in bond hearings conducted under Section 1226(c)). Elyardo's motion to expedite will be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Elyardo's petition for writ of habeas corpus, order Respondent to provide Elyardo with an individualized bond hearing within twenty-one (21) days, and deny Elyardo's motion to expedite as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania